1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

STEELMAN PARTNERS, a Nevada Limited )
liability partnership, )
)
                  Plaintiff, )
)
vs. )
)
SANYA GAOSHENG INVESTMENT )
COMPANY LTD, a Hong Kong corporation, )
)
                  Defendant. )
_____ )

Case No. 2:09-cv-01016-GMN-GWF

**ORDER**

       This matter if before the Court on Plaintiff's Motion for Costs and for Reasonable Attorneys' Fees (*Dkt. #102*), filed on January 8, 2016. Defendant filed its Opposition (*Dkt. #103*) on January 25, 2016 and Plaintiff filed its Reply (*Dkt. #104*) on February 4, 2016.

<u>**BACKGROUND**</u>

       This case arises from a breach of contract dispute where Plaintiff alleges that Defendant failed to pay for its copyrighted scheme design architecture that Plaintiff created for Defendant's Haitang Bay 5-Star Resort Hotel Project. *See Dkt. #1.* On November 28, 2011, the District Court entered default judgment in this matter on Plaintiff's claim for breach of contract and awarded Plaintiff $3,549,854 in damages. *Dkt. #60.* Thereafter, Plaintiff began its efforts to enforce the judgment against Defendant. Plaintiff served a Fed. R. Civ. P. 30(b)(6) deposition notice on Defendant, which was scheduled to occur on April 24, 2015. However, Defendant failed to appear at the deposition or otherwise respond to that notice. Subsequently, Plaintiff filed a Motion to Compel and For Sanctions (*Dkt. #80*), which was granted on October 2, 2015. *Dkt. #84.* Thereafter, Plaintiff once again scheduled a deposition of Defendant's Rule 30(b)(6) witness to

occur in Las Vegas on November 4, 2015.  Once again, Defendant failed to appear for the

deposition.  Two days prior to the scheduled deposition, Defendant filed a Motion for Protective

Order (*Dkt. #87*), wherein Defendant sought to prohibit the deposition of its Rule 30(b)(6) witness.

However, on December 22, 2015, the Court denied Defendant's motion.  *See Dkt. #100.*  During

this time, Plaintiff filed a Motion for Sanctions (*Dkt. #92)* for Defendant's refusal to appear at the

November 4, 2015 deposition.  On December 24, 2015, the Court awarded Plaintiff its reasonable

costs and attorney's fees incurred in connection to the re-noticed deposition on November 4, 2015.

*Dkt. #101.*  The Court also indicated that it may stay or vacate the award if Defendant appeared for a

re-noticed Rule 30(b)(6) deposition and properly responded to the areas of inquiry.[1]  *Id.*  Plaintiff

now seeks an award of $36,304.87*,* which encompasses the hours expended on the following four

tasks: (1) Preparing for and attending the November 4, 2015 deposition; (2) Responding to

Defendant's untimely Motion for Protective Order; (3) Preparing the Motion for Sanctions and

Reply; and (4) Preparing for and attending the December 22, 2015 hearing.

## **DISCUSSION**

The Supreme Court has held that reasonable attorney fees must "be calculated according to

the prevailing market rates in the relevant community," considering the fees charged by "lawyers of

reasonably comparable skill, experience, and reputation."  *Blum v. Stenson*, 465 U.S. 886, 895-96 n.

11, 104 S.Ct. 1541 (1984).  Courts typically use a two-step process when determining fee awards.

*Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000).  First, the Court must calculate the

lodestar amount "by taking the number of hours reasonably expended on the litigation and

multiplying it by a reasonable hourly rate."  *Id.*  Furthermore, other factors should be taken into

consideration such as special skill, experience of counsel, and the results obtained.  *Morales v. City

of San Rafael*, 96 F.3d 359, 364 n. 9 (9th Cir. 1996).  "The party seeking an award of fees should

submit evidence supporting the hours worked and rates claimed . . . [w]here the documentation of

hours is inadequate, the district court may reduce the award accordingly."  *Hensley v. Eckerhart*,

---

[1] Plaintiff represents that to date, Defendant has failed to provide its availability for the Rule 30(b)(6) deposition.
*See Dkt. #104*, at n.1.

461 U.S. 424, 433 (1983). Second, the Court "may adjust the lodestar, [only on rare and exceptional occasions], upward or downward using a multiplier based on factors not subsumed in the initial calculation of the lodestar." *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000).

Plaintiff requests a total of $36,304.87 in attorneys' fees and costs associated with bringing the re-noticed deposition on November 4, 2015. Plaintiff itemized their requested fees and costs as follows: (1) $20,920.00 in fees related to the filing of Plaintiff's Motion for Sanctions and associated Reply, (2) $8,701.00 in fees related to responding to Defendant's Motion for Protective Order, (3) $2,564.68 in fees and costs related to the November 4, 2015 deposition, and (4) $4,119.19 in fees and costs related to the December 22, 2015 hearing adjudicating the Motion for Sanctions and Motion for Protective Order. Plaintiff requests reimbursement of attorneys' fees at an hourly rate of $300 for James E. Dallner, Esq. and $235 for Michael T. Figge, Esq. After reviewing Plaintiff's Motion for Costs and for Reasonable Attorneys' Fees and the declaration of James Dallner, Esq., the Court finds that Plaintiff has offered sufficient evidence that the hourly rates of $300.00 and $235.00 are reasonable.

Plaintiff requests reimbursement for 81.65 hours of attorney work based on time spent in preparing Plaintiff's Motion for Sanctions (*Dkt. #92*) and corresponding Reply (*Dkt. #99*). Plaintiff's counsel asserts that these hours are reasonable given the complexity of the issues involved, specifically, the possibility of findings of fact as sanctions allowable withing Federal Rule of Civil Procedure 37(b)(2). *See Dkt. #102.* Defendant asserts that the amount of time spent on drafting these briefs is implausible and unreasonable because the issues were not particularly unique or complex. *See Dkt. #103.* The records submitted by Plaintiff confirm that significant time was spent drafting the motion and reply. *Dkt. #102-2.* The Court recognizes that Plaintiff's counsel would have spent a reasonable amount of time on these matters, but based on its review of the motion for attorneys' fees and the affidavit of Mr. Dallner, the Court finds that Plaintiff's calculation of 81.65 hours of attorney labor is excessive. The Court finds that the work involved in preparing the Motion for Sanctions and the associated Reply should reasonably take no more than 40 hours of attorney labor. As a result, the Court will award Plaintiff reasonable attorneys' fees

3

1   associated with bringing the Motion for Sanctions in the amount of $6,580.00 (28hrs x $235.00) and

2   $3,600.00 (12hrs x $300.00) for a total of $10,180.00.

3      Plaintiff also requests reimbursement for 34.55 hours of attorney work based on time spent

4   in preparing Plaintiff's Opposition to Defendant's Motion for Protective Order (*Dkt. #91*).  Plaintiff

5   asserts that these hours are reasonable because Defendant filed its Motion for Protective Order (*Dkt.*

6   *#87*) at the "eleventh hour" which forced Plaintiff "to respond in the midst of preparation for the

7   November 4th deposition." *Dkt. #102,* pg. 6, ln. 19–20.  Defendant argues that the hours expended

8   on this brief were unreasonable.  *Dkt. #103.*  Again, the Court recognizes that Plaintiff's counsel

9   would have spent a reasonable amount of time on this matter, but based on its review of the motion

10   for attorneys' fees and the affidavit of Mr. Dallner, the Court finds that Plaintiff's calculation of

11   34.55 hours of attorney labor is excessive.  The Court finds that the work involved in responding to

12   Defendant's Motion for Protective Order should reasonably take 20 hours of attorney labor.  As a

13   result, the Court will award Plaintiff reasonable attorneys' fees associated with bringing the

14   Opposition to Defendant's Motion for Protective Order in the amount of $3,760.00 (16hrs x $235)

15   and $1,200.00 (4hrs x $300) for a total of $4,960.00.

16      Plaintiff additionally requests reimbursement for 5.0 hours of attorney work based on time

17   spent preparing for the November 4, 2015 deposition and 11.0 hours of attorney work based on time

18   spent preparing for and attending the December 22, 2015 hearing adjudicating the Motion for

19   Protective Order and Motion for Sanctions.[2]  The Court finds that Plaintiff has provided sufficient

20   evidence to justify the time spent preparing for the November 2, 2015 deposition.  However, the

21   Court finds that the time spent preparing for the December 22, 2015 hearing should reasonably take

22   no more than 3 hours of attorney labor.  As such, the Court will award fees in the amount of

23   $1,500.00 (5hrs x $300.00) and $900.00 (3hrs x $300.00) for a total of $2,400.00.

24      Lastly, Plaintiff requests reimbursement of costs in the amount of $1,883.87 associated with

25   the November 4, 2015 deposition and December 22, 2015 hearing.  These costs included airfare,

26   _____

27      [2] The Court notes that the chart contained in Mr. Dallner's affidavit misstates the amount of time spent preparing for
the November 4, 2015 deposition and the December 22, 2015 hearing, but is correct on the total amount billed for those

28   matters as detailed in the billing records attached at Exhibit 2.

1  hotel, car rental, meals, and a court reporter for the deposition.  The Court finds that Plaintiff's

2  request is reasonable and will therefore award Plaintiff a total of $1,883.87 in costs.

3         Thus, based on the reasonable hourly rates discussed above, the Court will award attorneys'

4  fees in the amount of $17,540.00 and costs in the amount of $1,883.87 for a total of $19,423.87.

5  The relevant factors are subsumed in this calculation of the reasonable attorneys' fees and costs, and

6  there are no other exception circumstances which warrant enhancement or reduction of the fees.

7  Accordingly,

8         **IT IS HEREBY ORDERED** that Plaintiff's Motion for Costs and for Reasonable

9  Attorneys' Fees (*Dkt. #102*) is **granted**.  Defendant is ordered to pay Plaintiff the total sum of

10  $19,423.87.  Defendant is ordered to make the payment to Plaintiff by **March 11, 2016**.

11         DATED this 11th day of February, 2016.

12

13                               _George Foley Jr._

14                               GEORGE FOLEY, JR.
                             United States Magistrate Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28