UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| STEELMAN PARTNERS, a Nevada limited liability partnership,<br><br>     Plaintiff,<br> vs.<br><br>SANYA GAOSHENG INVESTMENT COMPANY, LTD., a Hong Kong corporation,<br><br>     Defendant. | Case No. 2:09-cv-01016-GMN-GWF<br><br>**ORDER** |

Before the Court is Plaintiff Steelman Partner's ("Plaintiff") Objection, (ECF No. 117), to the Magistrate Judge's Order, (ECF No. 115), denying in part and granting in part Plaintiff's Motion for Sanctions, (ECF No. 107). Defendant Sanya Gaosheng Investment Company, Ltd. ("Defendant") filed a Response. (ECF No. 119). For the reasons discussed below, the Motion is DENIED.

**I.   BACKGROUND**

Plaintiff filed its Complaint alleging breach of contract and copyright infringement against Defendant on June 5, 2009. (*See generally* Compl., ECF No. 1). On November 23, 2011, the Court granted Plaintiff's Motion for Entry of Default Judgment, (ECF No. 58), and entered judgment against Defendants in the amount of $3,549,854.00. (*See* Order, ECF No. 59).

The instant dispute centers on Plaintiff's unsuccessful efforts to collect this judgment. Plaintiff certified the default judgment in the Central District of California and filed a motion to add as additional defendants on the judgment Piu Ying Ngan and Katherine Ngan (collectively "Ngans"), whom Plaintiff alleges are Defendant's alter egos. *See* Cert. of J., *Steelman Partners v. Sanya Gaosheng Inv. Co., Ltd.*, No. CV 13-0435-GHK (E) (C.D. Cal. Nov. 8, 2012), ECF No. 1;

Mot. to Add J. Debtors, *Steelman Partners v. Sanya Gaosheng Inv. Co., Ltd.*, No. CV 13-0435-GHK (E) (C.D. Cal. Apr. 17, 2014), ECF No. 35.  The court denied Plaintiff's motion, citing due process concerns. *See* Civil Minutes, *Steelman Partners v. Sanya Gaosheng Inv. Co., Ltd.*, No. CV 13-0435-GHK (E) (C.D. Cal. May 29, 2014), ECF No. 38.  In an effort to develop a factual basis to establish the personal liability of the Ngans for the judgment, Plaintiff noticed the deposition of Defendant pursuant to Federal Rule of Civil Procedure 30(b)(6). (*See* Mot. for Sanctions 2:12–15, ECF No. 107).  Defendant failed to appear for the deposition. (*Id.* 2:19–20). Thereafter, Magistrate Judge Foley granted Plaintiff's unopposed motion to compel Defendant to appear for deposition. (*See* Order, ECF No. 84).  Defendant again failed to appear. (*See* Ex. E to Obj., ECF No. 117-5).

Plaintiff then filed the Motion for Sanctions against Defendant and the Ngans for their failure to comply with Magistrate Judge Foley's Order. (*See* Mot. for Sanctions 2:1–5).  In addition to monetary sanctions, Plaintiff requested that Magistrate Judge Foley award evidentiary sanctions by finding certain facts related to the Ngans' roles in the instant litigation as well as their control of Defendant. (*Id.* 11:12–13:10).  Magistrate Judge Foley granted Plaintiff's request for monetary sanctions but declined to make Plaintiff's requested factual findings. (Order 115:6–11, ECF No. 115).  In the instant Objection, Plaintiff requests that the Court reverse Magistrate Judge Foley's Order regarding the factual findings and enter an order establishing such facts. (Obj. 9:4–7, ECF No. 117).

## II. <u>LEGAL STANDARD</u>

When reviewing the order of a magistrate judge, the order should only be set aside if the order is clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a); LR IB 3-1(a); 28 U.S.C. § 636(b)(1)(A); *Laxalt v. McClatchy*, 602 F. Supp. 214, 216 (D. Nev. 1985).  A magistrate judge's order is "clearly erroneous" if the court has "a definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 394–95 (1948); *see also*

*Burdick v. Comm'r IRS*, 979 F.2d 1369, 1370 (9th Cir. 1992).  When reviewing the order, however, the magistrate judge "is afforded broad discretion, which will be overruled only if abused." *Columbia Pictures, Inc. v. Bunnell*, 245 F.R.D. 443, 446 (C.D. Cal. 2007).  The district judge "may not simply substitute its judgment" for that of the magistrate judge. *Grimes v. City and County of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991) (citing *United States v. BNS, Inc.*, 858 F.2d 456, 464 (9th Cir. 1988)).

### III.  DISCUSSION

Nothing in Plaintiff's Objection gives rise to a "definite and firm conviction that a mistake has been committed." *U.S. Gypsum*, 333 U.S. at 395.  Contrary to Plaintiff's suggestion, Magistrate Judge Foley's finding that Defendant willfully failed to appear at the court-ordered deposition does not automatically entitle Plaintiff to the evidentiary sanctions it seeks. Magistrate Judge Foley properly noted that under Federal Rule of Civil Procedure 37(b)(2)(A), courts may impose evidentiary sanctions against a party who fails to obey an order to provide or permit discovery. (Order 6:18–7:1, ECF No. 115).  Plainly, any relief for violating a discovery order is discretionary. *See* Fed. R. Civ. Pro. 37(b)(2)(A); *Lew v. Kona Hosp.*, 754 F.2d 1420, 1425 (9th Cir. 1985) ("The district court has great latitude in imposing sanctions under Fed. R. Civ. P. 37.").  Magistrate Judge Foley thus had discretion to issue Rule 37(b) relief and determine the scope of resulting sanctions.[1]  Plaintiff's Objection fails to raise any new arguments to cast doubt on the Magistrate Judge's determination not to award evidentiary sanctions.  The Court therefore finds no basis to set aside Magistrate Judge Foley's ruling on Plaintiff's Motion for Sanctions, (ECF No. 107).

---

[1] In its Motion for Sanctions, Plaintiff cited the inherent authority of district courts to sanction non-parties for litigation abuse, not Rule 37(b). (Mot. for Sanctions 4:21–5:13, ECF No. 107).  Under either Rule 37(b) or the Court's inherent authority, however, an award of sanctions is discretionary. *See Air Separation, Inc. v. Underwriters at Lloyd's of London*, 45 F.3d 288, 291 (9th Cir. 1995).

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Objection, (ECF No. 117), to the Magistrate Judge's Order is **DENIED**.

**DATED** this __28__ day of October, 2016.

_____
Gloria M. Navarro
United States District Judge