UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

STEELMAN PARTNERS, a Nevada Limited )
liability partnership,                )
                                       )
                     Plaintiff,   )  Case No. 2:09-cv-01016-GMN-GWF
                                       )
vs.                                    )  **ORDER**
                                       )
SANYA GAOSHENG INVESTMENT              )
COMPANY LTD, a Hong Kong corporation,  )
                                       )
                     Defendant.   )
_____)

      This matter is before the Court on Plaintiff's Motion for Costs and for Reasonable Attorney's Fees (ECF No. 116), filed on July 5, 2016. To date, no party has filed a response to this motion and the time for response has now expired.

## BACKGROUND

      This case arises from allegations of breach of contract and copyright infringement against Defendant Sanya Gaosheng. On November 23, 2011, the Court granted default judgment to Plaintiff in the amount of $3,549,854.00. *See* ECF No. 60. In its effort to collect judgement, Plaintiff noticed the deposition of Defendant Sanya Gaosheng pursuant to Fed. R. Civ. P. 30(b)(6) for April 24, 2015. Defendant Sanya Gaosheng, however, failed to appear for the deposition. Subsequently, Plaintiff filed a Motion to Compel and For Sanctions (ECF No. 80), which was granted on October 2, 2015 (ECF No. 84). Thereafter, Plaintiff once again scheduled a deposition of Defendant's 30(b)(6) witness to occur on November 4, 2015 and Defendant failed to appear. Plaintiff filed a Motion for Sanctions (ECF No. 92) for Defendant's refusal to appear and on December 24, 2015, the Court awarded Plaintiff its reasonable costs and attorney's fees incurred in

connection to the re-noticed deposition on November 4, 2015. The Court indicated that it may stay or vacate the award if Defendant appeared for a re-noticed Rule 30(b)(6) deposition.

Plaintiff re-noticed the deposition for March 4, 2016 and Defendant once again failed to appear. On April 26, 2016, Plaintiff filed its Motion for Sanctions (ECF No. 107) and requested monetary sanctions and evidentiary sanctions finding that Mr. Piu Ying Ngan and Mrs. Katherine Ngan ("the Ngans") are the alter egos of Defendant Sanya Gaosheng. *See* ECF No. 115. The Court granted, in part, and denied in part Plaintiff's Motion for Sanctions. *Id.* The Court denied without prejudice Plaintiff's request for evidentiary sanctions against Defendant and the Ngans. *Id.* The Court granted Plaintiff's request for an award of attorney's fees and costs incurred in re-noticing the Rule 30(b)(6) deposition for March 4, 2016. Plaintiff now seeks an award of $13, 201.22 for preparing for and attending the March 4, 2016 deposition and preparing the April 26, 2016 Motion for Sanctions.

## **DISCUSSION**

The Supreme Court has held that reasonable attorney fees must "be calculated according to the prevailing market rates in the relevant community," considering the fees charged by "lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 895-96 n. 11, 104 S.Ct. 1541 (1984). Courts typically use a two-step process when determining fee awards. *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000). First, the Court must calculate the lodestar amount "by taking the number of hours reasonably expended on the litigation and multiplying it by a reasonable hourly rate." *Id.* Furthermore, other factors should be taken into consideration such as special skill, experience of counsel, and the results obtained. *Morales v. City of San Rafael*, 96 F.3d 359, 364 n. 9 (9th Cir. 1996). "The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed . . . [w]here the documentation of hours is inadequate, the district court may reduce the award accordingly." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Second, the Court "may adjust the lodestar, [only on rare and exceptional occasions], upward or downward using a multiplier based on factors not subsumed in the initial calculation of the lodestar." *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000).

Plaintiff requests a total of $13,201.22 in attorney's fees and costs associated with bringing the re-noticed deposition scheduled to take place on March 4, 2016. Plaintiff itemized their requested fees and costs as follows: (1) $2,700.22 in attorney's fees related to the March 4, 2016 deposition, (2) $778.22 in costs related to the March 4, 2016 deposition, and (3) $9,723.00 in attorney's fees related to the filing of Plaintiff's Motions for Sanctions. Plaintiff requests reimbursement of attorney's fees at an hourly rate of $330 for Peter X. Chen, Esq., $300 for James E. Dallner, Esq., and $225 for John C. Hegarty, Esq. After reviewing Plaintiff's Motion for Costs and for Reasonable Attorneys' Fees and the declaration of James Dallner, Esq., the Court finds that Plaintiff has offered sufficient evidence that the hourly rates of $330, $300, and $235 are reasonable.

Plaintiff requests reimbursement for 39.50 hours of attorney work based on time spent in preparing its Motion for Sanctions (ECF No. 116). Plaintiff's counsel asserts that these hours are reasonable given the complexity of the issues involved that were distinct from the first motion for sanctions. *See* ECF No. 116, pg. 4. The records submitted by Plaintiff confirm that significant time was spent drafting the motion. ECF No. 116-2. The Court recognizes that Plaintiff's counsel would have spent a reasonable amount of time on these matters, but based on its review of the motion for attorneys' fees and the affidavit of Mr. Dallner, the Court finds that Plaintiff's calculation of 39.50 hours of attorney labor is excessive. The Court finds that the work involved in preparing the Motion for Sanctions should reasonably take no more than 19.75 of attorney labor. As a result, the Court will award Plaintiff reasonable attorney's fees associated with bringing the Motion for Sanctions in the total amount of $4,861.50 (4.1hrs x $300, 14.6hrs x $235, and 1.05hrs x $330).

Plaintiff also requests reimbursement for 9 hours of attorney work on time spend preparing for and attending the March 4, 2016 deposition. Although the Court recognizes that Plaintiff would have spent a reasonable amount of time to prepare for the deposition, the Court finds the Plaintiff's calculation of 9 hours of attorney labor is excessive based on its review of the motion and Mr. Dallner's affidavit. The time spent related to the March 4, 2016 deposition should reasonably take no more than 6.75 hours of attorney labor. As such, the Court will award fees in the amount of $2,025.00 (6.75hrs x $300). Lastly, Plaintiff requests reimbursement of costs in the amount of

3

1  $778.22 associated with the March 4, 2016 deposition. These costs included airfare, parking and
2  toll fees, mileage, and court reporter fees for the deposition. The Court notes that the total amount
3  itemized for the costs as detailed in the chart attached at Exhibit A-2 totals $587.27, but includes an
4  invoice for court reporter fees in the amount of $190.95. The Court therefore finds that Plaintiff's
5  request is reasonable and will award Plaintiff a total of $778.22 in costs.

6  Based on the reasonable hourly rates discussed above, the Court will award attorney's fees in
7  the amount of $4,861.50 and costs in the amount of $778.22. The relevant factors are subsumed in
8  this calculation of the reasonable attorneys' fees and costs, and there are no other circumstances
9  which warrant enhancement or reduction of the fees. Accordingly,

10  **IT IS HEREBY ORDERED** that Plaintiff's Motion for Costs and for Reasonable
11  Attorney's Fees (ECF No. 116) is **granted**. Defendant is ordered to pay Plaintiff the total sum of
12  $7,664.72. Defendant is ordered to make the payment to Plaintiff by **February 27, 2017**.
13  DATED this 26th day of January, 2017.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge